
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STEPHEN ANDREW MORSE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0166 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS TIME-BARRED PURSUANT TO 28 U.S.C. § 2244(d)

Came for consideration the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner STEPHEN ANDREW MORSE. For the reasons set forth, it is the recommendation of the undersigned United States Magistrate Judge that the petition is time barred and should be DISMISSED.

### I.
### PROCEDURAL HISTORY

On December 11, 1981, petitioner was convicted, pursuant to a guilty plea, of the felony offense of murder out of the 142nd Judicial District Court of Midland County, Texas, and assessed a 25-year sentence for the offense. *See State v. Morse*, Cause No. CRA-8706. On September 18, 1989, the Texas Board of Pardons and Paroles (Board) granted petitioner release from confinement to mandatory supervision. On September 20, 1989, petitioner was released to mandatory

supervision under the rules and general conditions as well as certain special conditions of mandatory supervised release. Petitioner was advised that if he satisfactorily completed his mandatory supervision, his sentence would be discharged on February 18, 2006.

From 2000 through 2003, petitioner committed numerous violations of the conditions of his mandatory supervised release, several arrest warrants for petitioner were issued, and multiple revocation hearings held. As a result, several additional special conditions were imposed as part of petitioner's conditions of release. On January 30, 2003, a new Certificate of Mandatory Supervision issued with additional general and special conditions. Petitioner agreed to the conditions on March 21, 2003.

On June 6, 2003, a warrant to revoke petitioner's release to mandatory supervision issued and was executed. On June 20, 2003, a parole revocation hearing was held on the allegation petitioner violated a special condition of release by using cocaine. The hearing officer found, based in part on petitioner's admission to the allegation, that petitioner had violated his mandatory supervised release special condition to abstain from the use of illegal drugs. On July 8, 2003, the Parole Board voted to revoke petitioner's mandatory supervised release and, on August 12, 2003, petitioner was returned to confinement in the penitentiary to serve the remainder of his 25-year prison term. On August 15, 2003, petitioner received a Commitment Data Form indicating he was out of custody for 4615 days, that his good time was only being calculated from May 11, 2002 on, and that his maximum sentence expiration date was October 8, 2018.

On September 26, 2003, petitioner requested respondent correct the calculation of his time credits pursuant to section 501.0081 of the Texas Government Code. On October 20, 2003, after receiving one extension of the 60-day filing period, petitioner, represented by counsel, filed a

Motion to Reopen [his Revocation] Hearing. On November 25, 2003, the Board voted to deny petitioner's motion and advised petitioner of that action by correspondence dated December 9, 2003. On April 19, 2004, the Classification and Records Division of the Texas Department of Criminal Justice found "no error" in petitioner's time credit calculations and denied his section 501.0081 re-calculation request.

On July 1, 2004, petitioner was advised he had been denied release to parole and that his next parole review date was set off until June 2007. From June 2005 through October 2005, petitioner sent correspondence to various entities seeking reinstatement of his previously accrued good conduct time. On July 31, 2005, August 24, 2005 and September 2, 2005, petitioner sent correspondence to the Board requesting "special review," a process allowing review of cases under certain criteria where release on parole or mandatory supervision had been denied. On January 9, 2006, the Board advised petitioner that he did not meet the criteria for special review.

On March 2, 2006, petitioner filed an application for state habeas corpus relief alleging impropriety on the part of the parole officer in having petitioner sign a new Mandatory Supervision Certificate (which imposed greater terms and conditions), the wrongful denial of 28 years, 11 months of street and good time credits, and the unlawful extension of his sentence which, prior to the revocation of his mandatory supervised release, was set to discharge on February 18, 2006. On March 20, 2006, the state trial court entered findings of fact and conclusions of law finding petitioner's actions violated both the original and the second mandatory supervision certificates, that the second certificate modifying conditions of release was properly issued by the Board, and that petitioner was not entitled, under Texas Government Code § 508.283(b), to street time credit after revocation of his mandatory supervision because his conviction was for the offense of murder,

an offense described by Texas Government Code § 508.149(a). On April 26, 2006, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order based on the trial court findings without a hearing.

On June 21, 2006,[1] petitioner initiated the instant federal habeas corpus proceeding.

## II.
## GROUNDS

In this application, petitioner appears to allege his confinement is in violation of the Constitution and/or laws of the United States because:

1. Petitioner was denied due process when a second Certificate of Mandatory Supervision, which included additional conditions of release, was issued without a proper hearing and without petitioner being represented by counsel. Revocation of his parole, based upon this second certificate, was a denial of due process;

2. Petitioner has been unconstitutionally denied street time and good time credits toward his 25-year sentence;

3. Petitioner's sentence, scheduled to discharge in February 2006 prior to the revocation of his mandatory supervised release, has been unlawfully extended; and

4. Petitioner is unconstitutionally being denied annual review for parole.

## III.
## AEDPA LIMITATIONS PERIOD

The limitations period set forth in 28 U.S.C. § 2244(d)(1), effective April 24, 1996, provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

All of the events of which petitioner complains, including petitioner's parole revocation and the consequences thereof, occurred after the effective date of the statute. Consequently, the statutory limitation period applies in this case.

The applicable statutory provision initiated the start of the limitations period in this case on the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Respondent contends petitioner could have discovered all of his claims as of July 8, 2003, the date of his parole revocation, and argues petitioner had one year from July 8, 2003, subject to any applicable tolling, to file a federal habeas petition. Petitioner argues the limitation period began on dates subsequent to July 8, 2003 or, alternatively, that he is entitled to equitable tolling for the time he "diligently and thoroughly pursued and exhausted all administrative remedies."

A. <u>Second Certificate and Parole Revocation</u>

With regard to Ground One challenging the issuance of a second Certificate of Mandatory Supervision and the revocation of his release based on it, the very latest date petitioner could have discovered his claim was July 8, 2003, the date the Board of Pardons and Paroles revoked petitioner's mandatory supervised release. Consequently, petitioner had one year from that date, or until July 8, 2004, in which to file his federal habeas petition. For the sole purpose of argument, the Court will make the following assumptions:

1. The pendency of petitioner's motion to reopen the revocation hearing, filed October 23, 2003 and denied November 25, 2003, with notice forwarded to petitioner December 9, 2003, tolled the limitations period; and

2. The pendency of petitioner's request to correct the calculation of his time credits pursuant to section 501.0081 of the Texas Government Code, submitted September 26, 2003 and denied April 19, 2004, tolled the limitations period.[2]

Based on these assumptions, but without making such a finding, the limitation period would be tolled for 207 days, for the period September 26, 2003 to April 19, 2004.[3] Accordingly, petitioner's federal habeas petition raising this claim would have been due on or before January 31, 2005, subject to any further applicable tolling. Petitioner did not file his state habeas petition until March 2, 2006, a date after the expiration of the statutory period. Therefore, petitioner is not entitled to any statutory tolling with regard to his first ground.

Petitioner's contention that he is entitled to equitable tolling for any additional letter-writing attempts seeking restoration of his good time credits is not persuasive, and is not applicable to this

---

[2] If a state prisoner files a timely prison grievance procedure, the time taken to pursue that remedy is not counted toward the limitation period. *Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002); *Williams v. Dretke*, 2004 WL 238058 (N.D. Tex. 2004).

[3] The 48-day period, from October 23, 2003 to November 25, 2003 for the filing of the motion to reopen until notice of the denial of the motion, took place within the time period during which petitioner's prison grievance procedure was pending.

ground challenging the issuance of the second certificate and revocation of parole based on it. Petitioner did not file his federal habeas application until June 21, 2006, well after the March 2005 due date. Petitioner's application is untimely and barred by the statute of limitations with regard to Ground One.

B. Denial of Street Time and Good Time/ Extended Sentence

The very latest date, supported by the record, that petitioner could have discovered his claims that he was being denied reinstatement of street time and previously accrued good time credits, and that his sentence was being extended, was August 15, 2003, when he was provided a Commitment Data Form indicating he was out of custody for 4615 days, that his good time was only being calculated from May 11, 2002 forward, and that his maximum sentence expiration date was October 8, 2018. Consequently, petitioner had one year from that date, or until August 15, 2004, subject to any tolling, in which to file a federal habeas petition raising these grounds. As with his claim under his first ground, the Court will assume the pendency of petitioner's request to correct the calculation of his time credits pursuant to section 501.0081 of the Texas Government Code, submitted September 26, 2003 and denied April 19, 2004, tolled the limitations period. Accordingly, petitioner's federal habeas petition raising his second and third grounds would have been due on or before March 10, 2005, subject to any further applicable tolling. Petitioner did not file his state habeas petition until March 2, 2006, a date after the expiration of the statutory period. Therefore, petitioner is not entitled to any further statutory tolling with regard to his second and third grounds.

Petitioner's letter-writing attempts seeking reinstatement of his good time and street time from June 2005 to September 2005, occurred after the March 10, 2005 expiration of the limitations

period. Consequently, these actions could not equitably toll the limitations period. Further, a letter-writing campaign, no matter how aggressive, will not ordinarily support an argument for equitable tolling. Petitioner did not file a federal habeas application raising these claims until after the expiration of the limitation period. Consequently, petitioner's second ground and third grounds are time barred .

### C. Annual Parole Review

By his fourth ground, petitioner argues he is unconstitutionally being denied annual review for parole. Petitioner contends the Board policy in effect prior to his release to mandatory supervision provided for annual review for release to parole and that the policy upon his return to prison after revocation of his mandatory supervised release does not require annual reviews. Petitioner appears to claim an ex post facto application of Board policy in violation of his constitutional rights.

The very latest date, supported by the record, that petitioner could have discovered his claim that he was being denied yearly parole reviews was July 1, 2004, when petitioner was advised he had been denied release to parole and that his next parole review date was set off until June 2007. Consequently, petitioner had one year from that date, or until July 1, 2005, subject to any tolling, in which to file a federal habeas petition raising this ground. The undersigned finds no basis for statutory or equitable tolling of the limitations period with regard to this ground.[4] Petitioner did not file a federal habeas application raising these claims until after the expiration of the limitation period. Consequently, petitioner's fourth ground is time barred .

For the above reasons, the undersigned Magistrate Judge finds petitioner's federal habeas

---

[4] It also appears this issue was not exhausted with the state courts.

corpus application is time barred and should be dismissed.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for writ of habeas corpus filed by petitioner STEPHEN ANDREW MORSE be DISMISSED as time barred under 28 U.S.C. § 2244(d)(1).

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner and to counsel of record for respondent by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 13th day of February 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).